WEIL BROS. TEXTILES, INC. v. UNITED STATES

No. 6421.—Invoices dated Gendbrugge, Belgium, April 28, 1939, etc.
Certified April 29, 1939, etc.
Entered at New York, N. Y., May 16, 1939, etc.
Entry No. 845299, etc.

(Decided October 4, 1946)

Tompkins & Tompkins (J. Stuart Tompkins of counsel), Benjamin A. Levett, associate counsel, for the plaintiff.
Paul P. Rao, Assistant Attorney General, for the defendant.

KINCHELOE, Judge:   The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the respective parties, subject to the approval of the court, as follows:

(1) That the merchandise, cotton rugs from Belgium, and the issues involved in the Reappraisement Appeals 131673-A 01104, etc., listed in annexed schedule A, which is referred to and made a part of this stipulation are the same in all material respects as the merchandise and the issues which were passed upon in the case of United States v. Stephen Rug Mills, Inc., Reappraisement 131005-A,

etc., Reap. Dec. 6283, wherein it was held that there was no foreign value for the merchandise; that export value was the proper basis for determining dutiable value, and that the export values for the merchandise were the entered values.

(2) That the record in said case, Reappraisement 131005–A, etc., Reap. Dec. 6283, may be and hereby is received in evidence as a part of the record in this case.

(3) That the prices at the time of exportation of the merchandise in suit to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, are the appraised values less the amounts added on entry because of advances made by the appraiser in other cases then pending on appeal for reappraisement.

(4) That the appeals 131673–A 01104, etc., listed in annexed schedule A are hereby submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the amounts added on entry because of advances made by the appraiser in other cases then pending on appeal for reappraisement.

Judgment will be rendered accordingly.